**13 CV 1861**

UNTITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

(JURY TRIAL OF ALL ISSUES DEMANDED)

---------------------------------------------------------------X

ROSENDO CAYETANO,

**COMPLAINT**

Plaintiff(s)

-against-

Case #: CV_____

THE NEW YORK CITY POLICE DEPARTMENT. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS, the identity and number of whom are Unknown, both supervisory and junior officers, individually And in their official capacity as New York City Police Officers,



Defendant(s)

---------------------------------------------------------------X

Plaintiff, appearing PRO SE, as and for his complaint against the defendants, respectfully sets forth as follows:

### JURISDICTION

FIRST:   This action is brought pursuant to 42 U.S.C. Section 1983 and the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and Article 1 sections 6, 11, and 12 of the New York Constitution. Jurisdiction is founded upon 28 U.S.C. Sections 1331 and 1341(3) and (4), and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the pendant jurisdiction of this court to hear and decide claims arising under New York State Law.

### PARTIES

SECOND:   Plaintiff is at all times hereinafter relevant a resident of Hudson County in the State of New Jersey.

THIRD:   The defendant THE CITY OF NEW YORK (hereinafter "CITY') is a municipal corporation, duly organized and existing under and by virtue of the laws of the

State of New York, having its principal place of business in the County and City of New York.

FOURTH:   THE NEW YORK CITY POLICE DEPARTMENT is an agency and or branch of the defendant CITY and that defendant CITY is responsible, as a matter of law, for the ownership, operation, management and control of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and all of its officers, agents, licensees and employees and all acts thereof.

FIFTH:   THE NEW YORK CITY DEPARTMENT OF CORRECTIONS is an agency and or branch of the defendant THE CITY OF NEW YORK and that THE CITY OF NEW YORK is responsible, as a matter of law, for the ownership, operation, management and control of THE NEW YORK CITY DEPARTMENT OF CORRECTIONS and all of its officers, agents, licensees and employees and all acts thereof.

SIXTH:   At the time of the occurrences complained of herein, and at all times relevant hereto, defendant NEW YORK CITY JOHN DOE POLICE OFFICERS, both supervisory and junior officers, acted within the scope of their employment and under color of state law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the State of New York and City of New York.

SEVENTH:   At the time of the occurrences complained of herein, and at all times relevant hereto, said defendants were acting individually and in their official capacities as New York City Police Officers and/or officials of defendant CITY, and/or officials of the NYDOC, pursuant to the direction of defendant CITY, and defendants were acting in furtherance of the scope of their employment and acting under color of

law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the CITY, and/or NYPD.

## INTRODUCTION

EIGHTH:   This action is commenced by the plaintiff for pecuniary and punitive damages against defendants for committing unlawful acts under color of law and for depriving the plaintiff of his rights secured by the Constitution and laws of the United States and the State of New York, and pendant State law claims.

NINTH:   Plaintiff alleges that defendants THE NEW YORK CITY POLICE DEPARTMENT. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS were negligent in stopping and arresting the plaintiff and in taking him into custody, and further that defendant committed the following wrongful actions against the plaintiff, including: false arrest, wrongful detention, false imprisonment, malicious prosecution false accusations and charges, prima facie tort, and abuse of process, all in violation of the plaintiff's civil rights and plaintiff's rights under 42 U.S.C. Section 1983, and the common law and State and City law code, rules, and/or regulations. Plaintiff seeks compensation, *inter alia*, for the unconstitutional and tortuous conduct of THE NEW YORK CITY POLICE DEPARTMENT. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS who were under a duty to protect citizens, but failed to do so.

TENTH:   The plaintiff seeks redress against the defendant CITY for customs, policies and practices that permitted, condoned, and contributed these NEW YORK CITY JOHN DOE POLICE OFFICERS from committing these acts. These NEW YORK

CITY JOHN DOE POLICE OFFICERS acted with deliberate indifference to the constitutional rights of the plaintiff.  The plaintiff alleges that defendants the CITY and NYPD were negligent in training, hiring, and supervising the defendant NEW YORK CITY JOHN DOE POLICE OFFICERS, thus leading to the negligent and improper acts complained of herein.  Further, said occurrence was occasioned by the carelessness, recklessness, and negligence of the defendants and their agents, servants, licensees and/or employees, governing the operation, maintenance, management, and control of the NYPD in detaining the plaintiff against his will and without cause, and also falsely participating in said false arrest and detention, failing to intercede to prevent wrongdoing, failing to properly supervise, and other mistreatment of the plaintiff.

ELEVENTH:   The extraordinary injuries inflicted upon the plaintiff are a result of the defendants' unconstitutional conduct and indifference.  The policies, customs, and practices of defendant CITY were negligent in that the CITY tolerated and condoned violations of citizens' constitutional rights by refusing to properly train police officers for situations they will encounter, failing to investigate misconduct, and failing to punish instances of wrongdoing so as to act as a deterrent.  The imposition of punitive damages against all defendants (with the exception of the City of New York), and other appropriate equitable relief will deter defendants in the future and hopefully bring an end to this intolerable cycle of injustice.

TWELTH:   Prior to the filing of the within Complaint, the plaintiff filed and served a Notice of Claim on the defendants in compliance with the New York State Municipal Law Section 50, et. seq.

THIRTEENTH:   More than thirty (30) days have elapsed and defendants have failed and refused to pay or adjust the claim.  The plaintiff has complied with all

conditions precedent, or that such conditions precedent that may be outstanding have been waived, or reserved by the CITY pursuant to Stipulation.

## FACTUAL ALLEGATIONS

FOURTEENTH:   On or about March 21, 2010, plaintiff ROSENDO CAYETANO while lawfully in Bronx, New York.  He was approached by THE CITY OF NEW YORK JOHN DOE POLICE OFFICERS.  He was unlawfully stopped and falsely arrested for attempted murder related to an incident that took place in Randall's Island on July 18, 2009 when allegedly two individuals were stabbed.  Plaintiff was falsely arrested and falsely imprisoned and , in violation of the Penal Code and his state and federal constitutional rights.  The NYPD committed a prima facie tort against the plaintiff.

FIFTEENTH:   The claimant was arrested and charged with two counts of attempted murder in the second degree, gang assault, and assault relating to an incident alleged to have occurred on July 18, 2009 at approximately 11:00 p.m.  On said date, the claimant was lawfully at Randall's Island, a public park.  He was accused by the New York City Police Department of attempting to murder Ruth Capellan and Billy Duarte.

SIXTEENTH:   On said date and location, Ruth Capellan and Billy Duarte were selling beer, liquor, pastries and other items out of a van to the people visiting Randall's Island that day.  The plaintiff was at Randall's Island celebrating a baptism with a large group of family and friends for most of the day.  Ms. Capellan and Mr. Duarte supposedly sold warm beer to this group of people.  This act of selling warm beer supposedly enraged the crowd into violence. . Ms. Capellan and Mr. Duarte were

stabbed. It was the acts of these two individuals that started the violence. Ms. Capellan screamed racist comments that initiated the violence. She brought ten to twelve people with baseball bats to where the baptism party was being held.

SEVENTEENTH: While the claimant was part of this group celebrating the baptism, he in no way participated in any violence against Ms. Capellan or Mr. Duarte and did not stab either of these two individuals. He did not harm them and did nothing wrong. At the time of the stabbing, it was already dark out and there were a large number of people in the area. During this incident, the plaintiff was looking for his wife, young son and daughter, found them and attempted to get away from the altercation.

EIGHTEENTH: The NEW YORK CITY POLICE OFFICERS were negligent in failing to question the numerous witnesses to this occurrence. After his arrest on on March 21, 2010, the plaintiff was taken to the 40th Precinct in the Bronx. A detective named Morales came to the precinct. Nothing was said. He was taken to the office of the District Attorney on March 22, 2010 and he not represented by an attorney. Claimant gave a statement to the district attorney. He told the district attorney that he was at Randall's Island but was not involved in what happened to Mr. Duarte or Ms. Capellan. He was part of the party and when the fighting started, the claimant just tried to find his family. He told the district attorney that he had ten witnesses that would verify that he was not involved in the violence against Ms. Capellan or Mr. Duarte and he gave the district attorney the ten actual names. The district attorney also failed to properly conduct this investigation.

NINETEENTH: The plaintiff was taken before a Court on March 23, 2010 at 1:00 a.m. Bail was set at $15,000.00 cash. As a result of the arrest, there was an immigration hold issued on the plaintiff and he would not be released. The plaintiff

made approximately 40 court appearance and his case was tried. After a jury trial, he was found not guilty on January 27, 2012 and he was released from immigration custody on February 17, 2012.

TWENTIETH: THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS negligently handled the investigation leading to plaintiff's arrest. They failed to question alibi witnesses and to perform a thorough and complete investigation.

TWENTY-FIRST: As a result of this failure by the THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS, plaintiff was falsely and negligently detained for approximately twenty-two (22) months by the NEW YORK CITY DEPARTMENT OF CORRECTIONS.

TWENTY-SECOND: The plaintiff was negligently detained by the NEW YORK CITY DEPARTMENT OF CORRECTIONS for twenty two (22) months.

TWENTY-THIRD: Plaintiff was unlawfully stopped and speciously arrested, falsely imprisoned, and falsely detained. Plaintiff sustained a loss of liberty and well-being, infliction of emotional distress, loss of reputation among members of the community, mental trauma, and defamation of character. Plaintiff seeks to recover money damages for these actions.

TWENTY-FOURTH: THE CITY OF NEW YORK JOHN DOE POLICE OFFICERS subjected the plaintiff to an unwarranted, unjustifiable, unreasonable, and unlawful arrest and imprisonment. Plaintiff was subjected to a retaliatory, specious, false, and wrongful arrest. Plaintiff was incarcerated after the specious and wrongful arrest. The conduct of THE CITY OF NEW YORK JOHN DOE POLICE OFFICERS

demonstrated a deliberate indifference to the plaintiff's civil rights and due process, in violation of his civil rights.

## AS AND FOR A FIRST CLAIM
## 42 U.S.C. SECTION 1983
## FALSE ARREST AND IMPRISONMENT

TWENTY-FIFTH:   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "24" of this Complaint, with the same force and effect as if fully set forth herein.

TWENTY-SIXTH:   On May 21, 2010, the defendants, without just cause, negligently, wrongfully, willfully, maliciously, and unreasonably seized the plaintiff to unreasonable, unconscionable, unjustified, and unprovoked seizure and detention.  The defendants subjected the plaintiff to false arrest and imprisonment, in violation of his rights guaranteed by the First, Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. Section 1983, and Article 1, Sections 6, 11, and 12 of the New York State Constitution, and the common law of the New York State.

TWENTY-SEVENTH:   Upon information and belief, said actions were carried out and condoned by defendants THE NEW YORK CITY POLICE DEPARTMENT. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, and THE CITY OF NEW YORK, their agents and employees, including various NEW YORK CITY POLICE DEPARTMENT POLICE OFFICERS (both supervisory and junior officers), who were acting within the course or scope of their employment.

TWENTY-EIGHTH:   Plaintiff was subjected to a violation and deprivation of his civil right, permanent damage to his reputation and standing in the community, false

arrest and imprisonment, and extreme mental and emotional harm and distress at the hands of defendant THE NEW YORK CITY POLICE DEPARTMENT.

TWENTY-NINTH: By reason of the foregoing, the plaintiff was deprived of his liberty, and subjected to ridicule, scorn and derision by those knowing of his detention. Plaintiff has been caused to suffer from ongoing mental anguish. Plaintiff has incurred past, and will incur future psychological injury, loss of earnings and earnings ability, and was otherwise damaged and injured in an amount to be determined at trial.

## AS AND FOR A SECOND CLAIM
### 42 U.S.C. SECTION 1983
### FAILURE TO PROTECT WHILE IN CUSTODY

THIRTIETH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "29" of this Complaint, with the same force and effect as if fully set forth herein.

THIRTY-FIRST: On March 21, 2010, by their conduct and under color of law, defendant THE NEW YORK CITY POLICE DEPARTMENT JOHN DOE POLICE OFFICERS acted maliciously with deliberate indifference in falsely imprisoning the plaintiff against his will. Defendants acted in a manner that deprived the plaintiff of his constitutional rights, and perpetuated and exacerbated the plaintiff's mental pain and suffering. All of this was in violation of plaintiff's rights afforded him by the First, Fourth, Fifth, and Fourteenth Amendments of the United States Constitution, 42 U.S.C. Section 1983, Article 1, Section 6, 11, and 12 of the New York State Constitution, the common law of New York State, and plaintiff's rights, privileges, and immunities secured to him by the laws of the State of New York.

THIRTY-SECOND: By reason of the foregoing, the plaintiff has been injured and has been caused to have incurred loss of earnings ability, which are continuing, and has otherwise been damaged in an amount to be determined at trial.

### AS AND FOR A THIRD CLAIM
### 42 U.S.C. SECTION 1983
### FAILURE TO INTERCEDE

THIRTY-THIRD: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "32" of this Complaint, with the same force and effect as if fully set forth herein.

THIRTY-THIRD: By their conduct and under color of law, defendant THE NEW YORK CITY POLICE DEPARTMENT JOHN DOE POLICE OFFICERS had the opportunity to intercede on behalf of the plaintiff to prevent the unreasonable seizure and arrest perpetrated against the plaintiff. However, due to defendants' intentional conduct and deliberate indifference, THE NEW YORK CITY POLICE DEPARTMENT JOHN DOE POLICE OFFICERS declined or refused to do so. Defendants' actions contributed to the deprivation of the plaintiff's rights suffered on March 21, 2010.

THIRTY-FOURTH: By reason of the above, the plaintiff has suffered grave mental anguish. The plaintiff has been caused to incur psychological trauma and infliction of emotional distress, and loss of earnings and earnings ability, both past and future. The plaintiff has been damaged in an amount to be determined at trial.

### AS AND FOR A FOURTH CLAIM
### 42 U.S.C. SECTION 1983
### SUPERVISORY LIABILITY