THIRTY-FIFTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "34" of this Complaint, with the same force and effect as if fully set forth herein.

THIRTY-SIXTH: On March 21, 2010 and thereafter, the defendants, THE NEW YORK CITY POLICE DEPARTMENT. and THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, at all times relevant herein, had supervisory personnel in the New York City Police Department and the Department of Corrections. These supervisory personnel had oversight responsibility for the more junior City of New York Police Officers. These supervisory police officers were responsible for the training, instruction, supervision, and discipline of the junior officers who guarded the plaintiff.

THIRTY-SEVENTH: These supervisory officers knew, or in the exercise of due diligence should have known, that the conduct of the junior police officers regarding the plaintiff was unlawful.

THIRTY-EIGHTH: These supervisory police officers failed to take preventative and remedial measures to guard against the false imprisonment perpetrated against the plaintiff. Had appropriate action and corrective measures been taken, the plaintiff would not have been falsely arrested, falsely imprisoned, and wrongfully detained.

THIRTY-NINTH: The supervisory police officers engaged in misconduct, in that they failed to supervise and discipline the junior police officers. This constituted negligence, deliberate indifference, or intentional misconduct, which directly caused the deprivations suffered by the plaintiff.

FORTIETH: By reason of the foregoing, the plaintiff has suffered unlawful confinement, and ongoing mental anguish. The plaintiff has incurred loss of earnings

ability, past and present, and has otherwise been damaged in an amount to be determined at trial.

**AS AND FOR A FIFTH CLAIM**
**42 U.S.C. SECTION 1983**
**CONSPIRACY**

FORTY-FIRST:   Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "40" of this Complaint, with the same force and effect as if fully set forth herein.

FORTY-SECOND:   On March 21, 2010 and thereafter, defendants THE NEW YORK CITY POLICE DEPARTMENT. THE NEW YORK CITY DEPARTMENT OF CORRECTIONS, THE CITY OF NEW YORK, NEW YORK CITY JOHN DOE POLICE OFFICERS (both supervisory and junior officers), under color of law, conspired with one another to deprive the plaintiff of his constitutional rights, including the right to be free from unreasonable seizure, the right to associate and speak freely, the right to have access to seek redress in the courts, and the right to be free from false arrest and false imprisonment.

FORTY-THIRD:  As part of the conspiracy, the defendant THE NEW YORK CITY POLICE DEPARTMENT (both supervisory and junior police officers), ,did, among other acts, falsely arrested and imprisoned the plaintiff.

FORTY-FOURTH:   By reason of the foregoing, the plaintiff has suffered unlawful confinement, and ongoing mental anguish.  Plaintiff has been caused to have loss f earnings and earnings ability, past and future, and has otherwise been damaged in an amount to be determined at trial.

**AS AND FOR A SIXTH CLAIM**
**PENDENT CLAIM OF FALSE ARREST AND FALSE IMPRISONMENT**

FORTY-FIFTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "44" of this Complaint, with the same force and effect as if fully set forth herein.

FORTY-SIXTH: Defendants, without provocation, sufficient cause, or reason, subjected the plaintiff to an unlawful detention, arrest, and imprisonment. The aforementioned actions of the defendants on March 21, 2010 constituted false arrest and false imprisonment.

FORTY-EIGHTH: By reason of the foregoing, the plaintiff has suffered confinement, ongoing mental anguish, and has been caused to have incurred loss of earning and earnings ability, and has been damaged in an amount to be determined at trial.

## AS AND FOR AN SEVENTH CLAIM
## PENDENT CLAIM OF MALICIOUS PROSECUTION

FORTY-NINTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "48" of this Complaint, with the same force and effect as if fully set forth herein.

FIFTIETH: Defendants knew that there was no basis for the institution and prosecution of criminal charges against the plaintiff on March 21, 2010. The aforementioned actions of the defendants constituted malicious prosecution.

FIFTY-FIRST: By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing mental anguish, and will incur future loss of earning and earnings ability, and has been damaged in an amount to be determined at trial.

## AS AND FOR AN EIGHTH CLAIM

## PENDENT CLAIM OF ABUSE OF PROCESS

FIFTY-SECOND: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "51" of this Complaint, with the same force and effect as if fully set forth herein.

FIFTY-THIRD: Defendants used their positions of authority to institute and perpetuate false and misleading charges against the plaintiff and to falsely imprison and wrongfully detain him. The aforementioned actions of the defendants constituted abuse of process.

FIFTY-FOURTH: By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing mental anguish, and will incur future loss of earning and earnings ability, and has been damaged in an amount to be determined at trial.

## AS AND FOR A NINTH CLAIM
## PENDENT CLAIM OF NEGLIGENT HIRING AND RETENTION

FIFTY-FIFTH: Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in paragraphs "1" through "54" of this Complaint, with the same force and effect as if fully set forth herein.

FIFTY-SIXTH: Defendants were negligent in the hiring and retention of THE NEW YORK CITY POLICE DEPARTMENT JOHN DOE POLICE OFFICERS (both supervisory and junior officers). The aforementioned actions of the defendants constituted negligent hiring and retention.

FIFTY-SEVENTH: By reason of the foregoing, the plaintiff was deprived of his liberty, and was subjected to ridicule, scorn, and derision by those knowing of his detention. The plaintiff has been caused to suffer from ongoing mental anguish, and will

incur future loss of earning and earnings ability, and has been damaged in an amount to be determined at trial.

WHEREFORE, the plaintiff demands judgment against the defendants:

a)  For the First through Ninth Claims in the total amount of $5,000,000.00;

b)  For punitive damages (except against defendant THE CITY OF NEW YORK);

c)  Any future reasonable attorneys' fees;

d)  For costs; and

e)  For such other and further relief as this court deems just, equitable and proper.

Dated:  New York, New York
        March 15, 2013

*Rosendo Cayetano*
ROSENDO CAYETANO
PRO SE

4715 Broadway
apt. 2R.
Union City, NJ
07087
Tel. 201-927-2740
    201-870-9701
see the last page please.

In the Matter of the Claim of

ROSENDO CAYETANO

To Whom:

What I claim is compensation for the 23 months,I lost wages to be imprisoned.

Since that my arrest brought me problems with immigration thus many costs.

Since I had to pay a bond and an immigration attorney to could help me since I have my family residing with me.Still have the immigration process.

My wife had to ask loans money to survive the first 6 months of my arrest since,she was not working was engaged to educate my children.

To be arrest had that pay phone to be contact with my family also be to buy my toothpaste and all about my personal hygiene and some food.

When I left not guilty of the charges imposed on me by the lawyer,who I represent said I was entitled to ask to pay me while pass deteinet in the jail in rikers Island in Queens County.

I interview with a lawyer,explain you my situation to ask for the compensation and said that he could help me ,But in march 15,2013 he said not had any response from the city,which sent me to bring the action to the federal court.

I don't like the amount of money of 5,000.000 lawywr Gonzalez filed in my demand,Only thet refunds me for as long as I was unjustly detained for 23 months and leave not guilty in a tial.

Hope respectfully reciv a pleasant response.

*Rosendo Cayetano*

19 / 3 / 2013