USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/20/13

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

ROSENDO CAYETANO,

               Plaintiff,

          -v.-

THE CITY OF NEW YORK, et al.,[1]

               Defendants.

------------------------------------------------------------x

REPORT AND RECOMMENDATION

13 Civ. 1861 (LAK) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Lewis A. Kaplan, United States District Judge:**

      Before the Court is Defendants' motion under Rule 41(b) of the Federal Rules of Civil Procedure that this action be dismissed based on Plaintiff Rosendo Cayetano's failure to prosecute. Cayetano, who is proceeding pro se, filed a complaint on March 19, 2013 alleging violations of his civil rights by the City of New York ("City"), the New York Police Department ("NYPD"), the New York City Department of Corrections ("DOC"), and several unnamed police officers. (Compl. (Dkt No. 2)). For the reasons set forth below, I recommend that Defendants' motion be granted and that Cayetano's complaint be dismissed with prejudice.

## I.   PROCEDURAL HISTORY

      On April 9, 2013, the Court issued an Order of Service dismissing the claims against the NYPD and DOC but directing the New York City Law Department ("Law Department") to identify to Cayetano the John Doe police officers in the complaint pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d Cir. 1997). (Order of Service (Dkt. No. 7), at 2). The Court further

---

[1]   The caption reflects the dismissal of the New York City Police Department, previously listed as the first defendant, from the case pursuant to the Order of Service dated April 9, 2013. (Dkt. No. 7).

ordered Cayetano to file an amended complaint naming the newly identified defendants within 30 days of receiving this information and to serve the amended complaint within 120 days thereafter or else face dismissal for failure to prosecute. (Id.). By Order of Reference dated April 11, 2013, Judge Kaplan then referred the case to me for general pretrial supervision and reports and recommendations on any dispositive motions. (Dkt. No. 8).

Providing the name and address of one of the John Doe defendants, Detective Morales, in a letter dated June 10, 2013, the Law Department requested additional time to carry out a further investigation in order to identify the remaining defendants. (June 10 Letter (Dkt. No. 17). In an order dated June 17, 2013, I directed the Law Department to comply fully with the Court's Valentin order by July 15, 2013. (Dkt. 11). The Law Department provided information for two additional individual defendants, Sergeant Gregory Kavanagh and Detective William Kelly, on July 9, 2013; I subsequently issued an order on July 15, 2013 directing Cayetano to file an amended complaint naming them and Morales as defendants by August 15, 2013. (Dkt. No. 12). That order cautioned Cayetano that failure to file the amended complaint could lead to dismissal of his action for failure to prosecute. (Id.).

On August 28, 2013, I issued an order noting that Cayetano had not filed an amended complaint and had not served the original complaint and summons on the City despite being furnished with the requisite forms (known as "USM-285" forms) by the Clerk of Court. (Dkt. No. 14). Cayetano was ordered to either file an amended complaint or fill out and return the USM-285 forms by September 26, 2013 or risk dismissal of the case. (Id.). With no subsequent activity from Cayetano, Defendants filed the instant motion on October 21, 2013. (Dkt. No. 15).[2]

---

[2] The Clerk's Office did not accept Defendants' "motion" because it was improperly submitted in the form of a letter. (Dkt. No. 15). Nonetheless, although Defendants did not re-file it as a proper motion, the Court will treat it as such. Moreover, even if Defendants had not

2

By order dated October 22, 2013, Cayetano was directed to respond to Defendants' motion by November 8, 2013, reminded of the Court's previous warnings of dismissal, and told that if he did not respond "the Court will recommend to Judge Kaplan that the matter be dismissed for failure to prosecute." (Dkt. No. 16). To date, Cayetano has taken no steps to comply with any of the Court's orders.

## II. DISCUSSION

Rule 41(b) provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Dismissal under Rule 41(b) is left to the discretion of the district court, Nita v. Connecticut Dep't of Envtl. Protection, 16 F.3d 482, 485 (2d Cir. 1994), and, unless the court states otherwise, ordinarily operates as "an adjudication on the merits." Fed. R. Civ. P. 41(b) (excepting dismissals for lack of jurisdiction, improper venue, or failure to join a party). The Second Circuit has cautioned that "dismissal for failure to prosecute is a harsh remedy to be utilized only in extreme situations." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (quoting Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993)). Nonetheless, it is incumbent upon a plaintiff to process his case diligently and "an action lying dormant with no significant activity to move it . . . may warrant dismissal after merely a matter of months." Lyell Theatre Corp. v. Loews Corp., 682 F.2d 37, 42-43 (2d Cir. 1982).

In weighing a Rule 41(b) dismissal for failure to prosecute, the court must balance the following factors: "(1) the duration of the plaintiff's failures; (2) whether plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be

---

moved to dismiss for failure to prosecute, it is well-settled that a court may dismiss a complaint on its own initiative. See, e.g., Harding v. Goode, 135 Fed. Appx. 488, 488 (2d Cir. 2005) ("Although not explicitly authorized by Rule 41(b), a court may dismiss a claim for failure to prosecute sua sponte.") (citing Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998)).

3

prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and (5) whether the district judge had adequately assessed the efficacy of lesser sanctions." Terry v. Vill. of Ossining, No. 12 Civ. 5855 (ER), 2013 WL 5952834, at *6 (S.D.N.Y. Nov. 5, 2013) (citing Shannon v. General Elec. Co., 186 F.3d 186, 193–94 (2d Cir. 1999)); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009). Each of these factors supports the conclusion that Cayetano's action should be dismissed with prejudice.[3]

First, Cayetano has not taken any action in furtherance of his case since filing his complaint eight months ago on March 19, 2013, neither complying with court orders to file an amended complaint and effect service on the City nor making any effort to inform the Court of any excuse for his inactivity. Terry, 2013 WL 5952834, at *6 (dismissing action under Rule 41(b) where plaintiff failed to take any action or comply with court orders for eight months); Hibbert v. Apfel, No. 99 Civ. 4246 (SAS), 2000 WL 977683, at *2 (S.D.N.Y. July 17, 2000) (lack of any action in six months justified Rule 41(b) dismissal); Chira v. Lockheed Aircraft Corp., 634 F.2d 664, 666 (2d Cir. 1980) (same). Second, Cayetano was put on notice on four separate occasions – by orders dated April 9, July 15, August 28, and October 22, 2013 – that continued delay would lead to dismissal of the action. See Smith v. Human Res. Admin. of New York City, No. 91 Civ. 2295 (MGC), 2000 WL 307367, at *2 (S.D.N.Y. Mar. 24, 2000) (dismissing case where plaintiff did not appear despite warning that failure to do so would result

---

[3] "While appellate courts apply a number of factors in evaluating the propriety of a dismissal for failure to prosecute, a district court is not required to discuss each factor in dismissing a case as long as an explanation is given for the dismissal." Nzomo v. Wheeler, No. 10 Civ. 8530 (RA)(JLC), 2013 WL 4713911, at *1-2 (S.D.N.Y. Sept. 3, 2013) (Report and Recommendation) (quoting Qiaosun Wu v. BTL Int'l Co., No. 11 Civ. 1202 (PAE)(GWG), 2012 U.S. Dist. LEXIS 125303, at *5, 2011 WL 683132, at *5 (S.D.N.Y. Apr. 12, 2012)). In an abundance of caution, the Court nonetheless considers each of these factors in making its recommendation to dismiss for failure to prosecute.

4

in dismissal).[4] Third, prejudice to Defendants "can be fairly presumed where . . . there is a delay of more than six months and Plaintiff [has not] replied to the Court . . . during that timeframe." Terry, 2013 WL 5952834, at *7 (citing Chira, 634 F.2d at 666–68); accord Hibbert, 2000 WL 977683, at *3. Fourth, dismissal of Cayetano's claims would not violate his due process rights given that he failed to pursue his claims for more than eight months, in spite of opportunities to be heard that included successive new deadlines by which to re-establish communication with the Court and advance his case. See Terry, 2013 WL 5952834, at *7; Hibbert, 2000 WL 977683, at *3 ("It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts.").

Turning to the fifth and final factor, dismissal is the appropriate sanction in light of Cayetano's consistent failure to maintain any contact with the Court and his repeated non-compliance with orders, even one as basic as completing USM-285 forms. See Rogers v. Villafane, No. 12 Civ. 3042 (CBA)(MDG), 2013 WL 3863914, at *3 (E.D.N.Y. July 24, 2013) ("There is no indication that a lesser sanction, such as a fine, would be effective, given the plaintiff's failure to take any action for several months to indicate an interest in pursuing this case."); Hibbert, 2000 WL 977683, at *3 ("Plaintiff has apparently lost interest in her case and, accordingly, this Court is left with no alternative but to dismiss her case for failure to prosecute."). As to whether the "lesser" sanction of a dismissal *without* prejudice might be warranted, the default presumption that a Rule 41(b) dismissal constitutes an "adjudication on the merits" should apply here. Cayetano's claims – arising from an allegedly unlawful stop and

---

[4] A copy of each of the orders issued by the Court was sent by mail to the address provided by Cayetano in his complaint. The Court is not aware of any reason to believe that these copies were not successfully delivered. Moreover, even if Cayetano no longer resides at the address he provided to the Court, it is his duty to inform the Court's Pro Se Office of any change in address. See Hibbert, 2000 WL 977683, at *2.

5

arrest that occurred on March 21, 2010 (Compl., ¶ 14) – are now precluded as the statute of limitations for a §1983 action in New York State is three years. Melendez v. Greiner, 477 F. App'x 801, 803 (2d Cir. 2012). Consequently, "dismissal without prejudice would not produce a more just result" nor serve any identifiable purpose as Cayetano would be time-barred from re-filing. Maersk Line v. Phoenix Agro–Industrial Corp., No. 07 Civ. 3169 (SJF)(JMA), 2009 WL 1505281, at *5 (E.D.N.Y. May 27, 2009); see Nzomo, 2013 WL 4713911, at *2.

      Finally, the analysis above mandates dismissal of Cayetano's action even in face of the directive that courts must "be especially hesitant to dismiss for procedural deficiencies where . . . the failure is by a pro se litigant." Ashley v. City of New York, No. 02 Civ. 3085 (LAP)(RLE), 2003 WL 1624215, at *1 (S.D.N.Y. Mar. 25, 2003) (quoting Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996)). "[W]hile pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988); see also Hibbert, 2000 WL 977683, at *3 ("Although sympathetic to the plight of the unrepresented, strong policy concerns further support dismissal. Delays have dangerous ends, and unless district judges use the clear power to [dismiss] when appropriate, exhortations of diligence are impotent.") (quotation marks omitted). Because Cayetano has abdicated all his responsibilities as a litigant over the past eight months, even as the City has complied with its obligations to identify individual defendants for his benefit and the Court has attempted to facilitate service, dismissal of his pro se complaint is warranted.

### III.  CONCLUSION

For the reasons set forth above, I recommend that Cayetano's complaint be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

### PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable Lewis A. Kaplan and the undersigned, United States Courthouse, 500 Pearl Street, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Kaplan.

**FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW.** 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010). If Cayetano does not have access to cases cited herein that are reported on Westlaw or Lexis, he should request copies from Defendants. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York  
November 20, 2013

_____  
JAMES L. COTT  
United States Magistrate Judge